IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.   8:03CR353** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| **ROGER D. CONN,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on: the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 68); the Supplemental Motion thereto (Filing No. 74); and the motion for leave to proceed in forma pauperis (Filing No. 69).  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned.  If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.  Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

Conn pleaded guilty to two counts of the Indictment charging him with: conspiracy to manufacture methamphetamine (Count I); and criminal forfeiture (Count III).  No drug amount was alleged in the Indictment, and therefore Conn faced a statutory penalty of 0-20 years imprisonment on Count I.  The plea agreement also states that Conn waived his right to file a § 2255 motion, with a few exceptions including claims of ineffective assistance of

counsel and prosecutorial misconduct, if the grounds for such claims were not known to, or reasonably knowable by, the Defendant at the time he entered his plea.

In his § 2255 motion, Conn alleges the following claims: 1) incorrect application of the sentencing guidelines; 2) prosecutorial misconduct; 3) ineffective assistance of counsel; and 4) a violation in light of *United States v. Booker,* 125 S. Ct. 738 (2005).

In light of Conn's waiver of his right to file a § 2255 motion except under limited circumstances, grounds One and Four are summarily denied.[1]  However, with respect to ground Two (prosecutorial misconduct) and ground Three (ineffective assistance of counsel), the United States shall respond to the Defendant's claim by filing an Answer.  In addition to any other issues raised in the Answer, the United States shall address whether the defendant's § 2255 claim is barred by procedural default, waiver, or untimeliness.

The Court has considered Conn's motion for leave to proceed in forma pauperis and his trust account statement.  The motion for leave to proceed in forma pauperis is granted.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 68) and the Supplemental Motion thereto (Filing No. 74) (collectively "§ 2255 motion");

2. Upon initial review, the Court finds that summary dismissal of grounds One and Four of the Defendant's § 2255 motion is required;

---

[1] The Court also finds no merit in these claims under the appropriate initial review standard.

3. On or before July 13, 2005, the United States shall file an Answer to Grounds Two and Three of the Defendant's § 2255 motion and support its Answer with a brief;

4. On or before August 15, 2005, the Defendant may file a responsive brief; and

5. The Defendant's motion for leave to proceed in forma pauperis (Filing No. 69) is granted.

DATED this 13th day of June, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge