IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  8:03CR353 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| ROGER D CONN, | ) | |
| Defendant. | ) | |

This matter is before the Court on the defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 68), Motion to Appoint Counsel (Filing No. 82), and Motion to Receive Transcripts (Filing No. 82).

**FACTUAL BACKGROUND**

The defendant pleaded guilty to two counts of the Indictment charging him with: conspiracy to manufacture methamphetamine (Count I); and criminal forfeiture (Count III). No drug amount was alleged in the Indictment and therefore the defendant faced a statutory penalty of 0-20 years imprisonment on Count I.  In Conn's plea agreement he waived his right to file a §2255 motion, except for claims of ineffective assistance of counsel and prosecutorial misconduct.

Defendant alleged four grounds for relief in his § 2255 motion.  But in light of his waiver, upon initial review defendant's motion was summarily denied with respect to claims one and four.  This court ordered the government to answer the remaining claims.  The remaining grounds are: (1) that the United States Attorney, Thomas Kangior, committed prosecutorial misconduct by wrongly amending the indictment's drug quantity without a

grand jury returning such an indictment, failing to disclose exculpatory evidence of a government witness, knowingly using perjured statements of a government witness, failing to disclose all discovery material, coercing a government witness into confessing and testifying against defendant; and (2) denial of effective assistance of counsel based on counsel's failure to provide discovery materials to defendant, failure to investigate government witness statements, failure to address prosecutor's misconduct, and failure to seek the unknown persons the government alleges to be involved in the conspiracy. The court has reviewed the submissions by both parties and finds as follows.

## DISCUSSION

**Prosecutorial Misconduct**

The defendant makes five allegations of prosecutorial misconduct. When a defendant alleges prosecutorial misconduct, the defendant must demonstrate flagrant misconduct and substantial prejudice. *United States v. Manthei*, 979 F.2d 124, 126-27 (8th Cir. 1992).

Defendant first claims that Kangior committed prosecutorial misconduct by improperly amending the Indictment. Defendant does not provide any further explanation or argument detailing this allegation, and it is not clear what he means by "amending the indictment." However, because it is clear that the indictment was never amended, the record does not support defendant's claim. In his plea agreement defendant pled guilty to Count I of the Indictment charging him with conspiracy to manufacture methamphetamine. In the Indictment there was no designated drug quantity. (Filing No.

2

1).  In his Rule 11(c)(1)(C) plea, however, defendant stipulated that he would be held responsible for 500 grams, but less than 1.5 kilograms of methamphetamine.  (Filing No. 38).  This stipulation does not constitute an amendment to the Indictment and at no other place in the record does it appear the Indictment was amended.  Therefore, the record does not support defendant's claim.

Next, defendant alleges that Kangior committed prosecutorial misconduct by providing him with a redacted copy of the government's interview with co-defendant Steven Brasuhn.  Defendant alleges that if the prosecutor had shown to defendant the redacted portions of the interview they would confirm that Brasuhn committed perjury. Plaintiff has filed a copy of the redacted and unredacted versions of the police report with the court. (Filing No. 85, 86).  A review of the reports shows that the portions of the report that were redacted are names of other individuals and information that does not relate to defendant. The redacted material is not exculpatory and does not support defendant's allegations.

Defendant next argues that Kangior committed prosecutorial misconduct because he knowingly used perjured statements from Brasuhn's proffer interview with the government. Specifically, defendant argues that Kangior knew Brasuhn's statement that he "estimated he purchased 1 gram to 1.7 grams at least once a week, sometimes 4 or 5 times a weeks from Jeremy [Conn] over the past three years" was not accurate because Jeremy Conn was in prison for a portion of that time.  While the government concedes that Jeremy Conn was incarcerated for a portion of the three years preceding Brasuhn's proffer interview, it denies that Brasuhn perjured himself and states that at the time of Brasuhn's

3

proffer interview it was unaware that Jeremy Conn was incarcerated for a portion of the three years preceding Brasuhn's proffer interview.

Defendant has failed to establish that Kangior knowingly used perjured statements. Brasuhn's statements against Jeremy Conn were shown to Jeremy Conn before he made a plea deal with the government in a separate case. Jeremy Conn never contested the statements that were made by Brasuhn and shown to him during his plea negotiations. Furthermore, the amounts provided by Brasuhn were used in Jeremy Conn's plea agreement. So, while it appears that Brasuhn did not buy from Jeremy Conn every week, the substance of the statements was accurate.

Furthermore, even if defendant could establish that the statements were perjured, and Kangior knew the statements were perjured, which the court does not conclude was established, defendant could not show prejudice. The statement made by Brasuhn, that defendant alleges was perjured, was in relation to Brasuhn purchasing methamphetamine from Jeremy Conn and did not have anything to do with the case against defendant, Roger Conn. The government still possessed substantial evidence against defendant. Indeed, defendant's attorney Jeffery Thomas filed an affidavit stating that defendant did not challenge the evidence the government had against him and agreed that he would likely be convicted. Therefore, defendant cannot establish substantial prejudice in relation to the alleged perjured statement.

Finally, defendant argues that the prosecution failed to disclose all discovery material, grand jury transcripts, bill of particulars, and witnesses allegedly involved in the conspiracy and that Brasuhn's confession was coerced.

The prosecution's suppression of evidence, requested by and favorable to an accused, violates due process where the evidence is material to either guilt or punishment, irrespective of the prosecution's good or bad faith.  *Brady v. Maryland*, 373 U.S. 83, 87 (1963).  Here, defendant does not provide any evidence or support for his allegation that the prosecutor withheld discovery materials, and the record does not support the defendant's allegation.  Defendant's attorney, Thomas filed an affidavit stating that he received the requisite discovery from the Government and that he discussed the materials with defendant.  In fact, defendant admits that he received a redacted copy of the interview with Steven Brasuhn.  Furthermore, in this case plaintiff was not required to release grand jury transcripts as it never went to trial.  *See* 18 U.S.C. § 3500; *United States v. Bruton*, 647 F.2d 818, 824 (8th Cir. 1981).  Therefore, defendant has failed to establish that the prosecutor inappropriately withheld evidence.

Based on the above, defendant's claim of prosecutorial misconduct is denied on its merits.  Moreover, defendant's claim is procedurally barred, as it was not raised in any manner at trial, sentencing, or on appeal.  Defendant has not overcome the procedural default by showing: 1) cause for the default; and 2) actual innocence.  *McNeal v. United States,* 249 F.3d 747, 748 (2001).

**Ineffective Assistance of Counsel**

Defendant makes multiple allegations of ineffective assistance of counsel against his attorney Jeffrey Thomas. Defendant argues that his counsel failed to provide him with discovery materials, failed to investigate government witnesses, failed to address the prosecutor's misconduct, failed to seek the unknown persons the government alleges to be involved in the conspiracy, failed to conduct a suppression hearing, failed to contest co-defendant Brasuhn's allegations, and advised defendant that he should sign the plea agreement or he could receive a life sentence.

Ineffective assistance of counsel claims are analyzed under the framework described in *Strickland v. Washington,* 466 U.S. 668 (1984). Under this framework, Conn has the burden of proving: 1) deficient performance on behalf of counsel, demonstrated by a showing that his attorney's performance fell "below the minimum standards of professional competence" and 2) prejudice, by showing a "reasonable probability that the result of the proceedings would have been different" had his attorney performed "competently." *Alaniz v. United States,* 351 F.3d 365, 367 (8th Cir. 2003) (citing *Strickland,* 466 U.S. at 690). Moreover, Conn must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689.

Here, Conn provides nothing but his bare assertions to support his allegations of ineffective assistance of counsel, while Thomas filed a lengthy affidavit challenging defendant's allegations. Thomas states that he met with Conn at Sarpy County jail on September 5, 2003, after receiving the discovery materials from the government. At this

6

meeting Thomas and Conn thoroughly discussed the case and reviewed all of the discovery documents. Thomas contends that Conn did not challenge the facts in these documents and agreed they were accurate. Based on the materials, Thomas and Conn discussed defendant's right to go to trial and Thomas states Conn agreed he would likely be convicted so they discussed plea agreement options. Furthermore, Thomas states that "my review of the potential suppression issue in connection with the federal case arrest indicated that they had no possible merit whatsoever and that proceeding with the Defendant's wishes to pursue the best possible guilty plea agreement was in his best interests." Thomas asserts that over the next eight weeks while plea negotiations were on-going, defendant did not contest the allegations in the indictment or deviate from his wish to enter into a plea agreement. Before signing the plea agreement defendant and counsel discussed the issue of drug quantity, reviewing Brasuhn's proffer, and the sentencing guidelines so defendant understood what sentence likely would be imposed. Thomas stated that defendant agreed that the proposed drug quantity range was accurate. Furthermore, Thomas stated that after the Presentence Investigation Report ("PSR") was received Thomas and defendant had a telephone conference to review the PSR and defendant expressed his understanding of the PSR and that the PSR was consistent with their expectation.

Furthermore, in defendant's signed petition to enter a plea of guilty he stated that he was aware that the maximum term of imprisonment for the offense to which he wished

to plea guilty of was 20 years, not life in prison.  In his petition to enter a plea of guilty defendant stated that he was satisfied with the job Thomas had done for him.

Based on this record, Conn has failed to satisfy either of the *Strickland* prongs. Thomas has successfully refuted all of defendant's claims and the court has no reason to doubt the veracity of Thomas's affidavit, demonstrating that Thomas zealously represented his client, successfully obtaining an adjustment in defendant's sentence to account for time served.  Defendant has provided nothing but his self-serving statements as evidence that he received ineffective assistance of counsel.  This is not enough to meet his burden in this § 2255 motion.

THEREFORE IT IS ORDERED:

1. Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody  (Filing No. 68) is denied;

2. Defendant's Motion to Appoint Counsel and for Transcript (Filing No. 82 ) is denied as moot;

3. A separate Judgment will be issued; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 1st day of March, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge